**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 14, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-41711
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ERINEO ARREOLA-MARTINEZ,
also known as Neo,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 7:04-CR-290-4
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Erineo Arreola-Martinez appeals his guilty plea conviction of,
and sentence for, conspiracy to possess with intent to distribute
more than 1000 kilograms of marihuana and more than five kilograms

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

of cocaine in violation of 21 U.S.C. §§ 841 and 846. He contends that the district court clearly erred when it increased his base offense level for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). Specifically, he argues that the government failed to establish by a preponderance of the evidence that a temporal or spatial nexus existed between himself, the drug trafficking activity, and the weapon.

Arreola-Martinez has not demonstrated that the district court's determination that it was not clearly improbable that the weapon seized from his residence was used in connection with his drug trafficking activities was clearly erroneous. Although there were no drugs found in Arreola-Martinez's residence when the weapon was seized, agents did find drug packaging materials and ledgers.

Further, there was specific evidence in the record showing that Arreola-Martinez's residence was used to store and load cocaine and marihuana and that he would package and load the drugs into vehicles. Moreover, as the district court noted, although it was probable that the weapon was used to protect Arreola-Martinez's family, it was not plainly improbable that it was also used to protect his drug trafficking activities. See United States v. Westbrook, 119 F.3d 1176, 1193 (5th Cir. 1997) (observing that guns are "tools of the trade" for those engaged in the drug business). Therefore, the district court did not clearly err when it increased Arreola-Martinez's base offense level for possession of a dangerous weapon under § 2D1.1(b)(1). See United States v. Eastland, 989

F.2d 760, 770 (5th Cir. 1993).   Accordingly, the judgment is AFFIRMED.